REGAN, Judge.
Plaintiff, Donald G. Bergens, filed this suit to recover damages for personal injuries he incurred, when he was struck by a vehicle as he and Louis Silva were standing in the right traffic lane near the shoulder of U. S. Highway 90, endeavoring to pour gasoline into the tank of their station wagon. Plaintiff asserted that the proximate cause of the accident was the negligence of the defendant driver, in, inter alia, failing to see the victim in order to avoid striking him and in driving while intoxicated.
Named defendants were George Allen, the operator and his alleged insurer, State Farm Insurance Company; Ted W. Preston, owner of the car; Government Employees Insurance Company, the liability insurer of one Lewis Williams, also named in the alternative as the owner of the vehicle (hereinafter referred to as GEICO); and Olympic Insurance Company, plaintiff’s insurer, from whom plaintiff sought redress under the uninsured motorist coverage clause in the policy should all other insurers avoid liability on a question of coverage.
The following positions were assumed by each of the respective defendants:
(1)George Allen averred that the proximate cause of the accident was Bergen’s negligence in failing to light flares or to use other devices to signal oncoming motorists of his dangerous position. If this was not the sole cause, he alternatively pleaded, it at least constituted contributory negligence sufficient to bar Bergen’s recovery.
(2) State Farm denied insuring anyone involved.
(3) Ted Preston, one of the alleged owners, apparently moved to Michigan before the trial and no pleadings were filed on his behalf.
(4) Olympic Insurance Company admitted it had issued a liability policy which was in effect on the plaintiff’s vehicle but denied liability. Alternatively, it adopted the driver’s defenses predicated on negligence. It also impleaded Allen as a third-party defendant seeking judgment against him for any amount for which it might be cast.
(5) GEICO denied liability and pleaded contributory negligence as an alternative defense.
From a judgment dismissing plaintiff’s suit, he has prosecuted this appeal.
This litigation emanates from the same accident, the facts and pertinent issues of which are identical to those revealed in the case of Silva v. Allen et al., La.App., 256 So.2d 447, in which an opinion and decree were handed down this day; therefore, for the reasons stated therein, the judgment appealed from is affirmed insofar as it dismisses plaintiff’s suit against State Farm Insurance Company and Government Employees Insurance Company; in all other respects the judgment is set aside and this case is remanded for additional proceedings consistent with the rationale appearing in that opinion. Assessment of costs is to await final determination of this cause.
Affirmed in part; set aside in part and remanded.